UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Brian Ranallo | ) | Case # 18-40390-KKS |
| Mary Ranallo, | ) | Chapter 7 |
| | ) | |
| _____ Debtor(s) _____ | ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT
SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11
U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT
BETWEEN SECURED LENDER AND THE ESTATE, AND (III )
OTHER RELIEF**

Mary W. Colón (the "Trustee"), duly appointed Chapter 7 Trustee for

the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363

of the Bankruptcy Code hereby files this motion ("Motion") for entry of an

order for authority to sell certain real property free and clear of all liens,

encumbrances, and interests.   In support thereof, the Trustee respectfully

states as follows:

JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to

28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.    The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4.    On 07/20/2018 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.    Mary W. Colón is the duly appointed and qualified Chapter 7 Trustee.

6.    The Trustee held and concluded the 341 meeting of creditors on 08/20/2018.

7.    The Debtor/Debtors scheduled a 100% ownership interest in the real property located at 441 HIGH POINT LN TALLAHASSEE, FL 32301 (the "Property") and legally described as follows:

THE NORTH PART OF LOT 5 BLOCK "C" RICHVIEW PARK (UNRECORDED)

COMMENCE AT THE SOUTHEAST CORNER OF SECTION 33, TOWNSHIP 1 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA, AND RUN NORTH 89 DEGREES 53 MINUTES 32 SECONDS WEST

2

799.27 FEET, THENCE RUN NORTH 00 DEGREES 26 MINUTES 26 SECONDS EAST 307.40 FEET, THENCE SOUTH 89 DEGREES 07 MINUTES 31 SECONDS WEST 120.73 FEET, THENCE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST 25.01 FEET, THENCE SOUTH 89 DEGREES 07 MINUTES 31 SECONDS WEST 325.05 FEET, THENCE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST 114.06 FEET TO THE SOUTHERLY BOUNDARY OF A PROPOSED 36 FOOT WIDE ROADWAY TO BE KNOWN AS RICHVIEW PARK CIRCLE SOUTH; THENCE CONTINUE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST 18.00 FEET TO THE CENTERLINE OF SAID PROPOSED ROADWAY; THENCE SOUTH 89 DEGREES 40 MINUTES 09 SECONDS EAST ALONG SAID CENTERLINE 144.69 FEET; THENCE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST 18.00 FEET TO THE NORTHERLY BOUNDARY OF SAID PROPOSED 36 FOOT ROADWAY; THENCE LEAVING SAID BOUNDARY CONTINUE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST 293.15 FEET TO THE POINT OF BEGINNING; FROM SAID POINT OF BEGINNING RUN SOUTH 89 DEGREES 48 MINUTES 45 SECONDS WEST ALONG A COMMON WALL AND THE PROJECTIONS THEREOF 120.00 FEET TO THE EASTERLY BOUNDARY OF A PROPOSED 36 FOOT WIDE ROADWAY TO BE KNOWN AS HIGH POINT LANE, THENCE NORTH 00 DEGREES 19 MINUTES 51 SECONDS EAST ALONG SAID BOUNDARY 32.93 FEET, THENCE LEAVING SAID BOUNDARY RUN SOUTH 89 DEGREES 40 MINUTES 09 SECONDS EAST 120.00 FEET; THENCE SOUTH 00 DEGREES 19 MINUTES 51 SECONDS WEST 31.85 FEET TO THE POINT OF BEGINNING.

8.    The Debtors scheduled the Property as having a value of $113,000.00 subject to two mortgages in favor of Mr. Cooper and Regions Bank (the "Secured Creditor(s)") in the amounts owed on the petition date of approximately $85,000.00 and $17,800.00, respectively.

9.    The Trustee, after reviewing certain materials, including

(without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

and Listing Agent and reimbursement of their out-of-pocket

expenses, and provide a carve out for the benefit of allowed

unsecured creditors of the Debtor's estate.

10. The Secured Creditors have represented and warranted that they

possesses a valid, perfected, enforceable and unavoidable mortgage liens on

the Property by virtue of promissory notes and mortgages recorded in the

Official Records of Leon County, Florida, consisting of principal and Interest

(the "Secured Creditor Indebtedness").

<u>RELIEF REQUESTED</u>

11.    The Trustee requests the entry of an order pursuant to Section

363 of the Bankruptcy Code approving the sale of the Property, using the

services of BKRES and Listing Agent, free and clear of all liens, claims,

encumbrances, and interests.   As a material inducement to the Trustee's

decision to pursue the proposed sale, the Secured Creditor consents to the

Property's sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>")

that will provide for the costs of this case to be paid and provide a recovery

for other creditors.   The Trustee requests that any creditor (other than the

Secured Creditors) asserting an interest or secured claim against the Property

be required to assert no later than 5 days prior to the hearing on the instant

Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.     The Sale of the Property Should Be Approved

12.     The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy

Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.    The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditors and will result in a carve-out for the Bankruptcy Estate of $7,500.00. Attached as Exhibits "B" and "C" respectively are the settlement statement and letter(s) of consent/approval from the Secured Creditor(s).

15.    Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

**B.    The Sale of the Property Should Be Approved Free and Clear of All Interests**

16.    Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005)

7

("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditors consent to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditors) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]    Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v. Elliott*, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.    The Secured Creditors agree to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire

closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditors as stated herein shall be subject to any and all limitations on the Secured Creditors' liability for any fees and costs under applicable law.

C.    The Sale Will Be Undertaken by the Buyer in Good Faith

21.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code

when it was based upon arm's length bargaining and without collusion).

23.    The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.    The Trustee further states that:

(a)    the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)    the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)    Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED this 27th day of June, 2019.

/s/Mary W. Colón
Mary W. Colón, Trustee
Florida Bar No. 0184012

12

P. O. Box 14596
Tallahassee, FL 32317
Phone: (850) 241-0144
Email: trustee@marycolon.com

## CERTIFICATE OF SERVICE

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge. I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid too all persons on the Court's mailing matrix by BK Attorney Services, LLC d/b/a certificateofservice.com this 27th day of May, 2019.

/s/Mary W. Colón
Mary W. Colón, Trustee

13

# Closing Disclosure

*This form is a statement of final loan terms and closing costs. Compare this document with your Loan Estimate.*

## Closing Information

| | |
|---|---|
| Date Issued | |
| Closing Date | 07/29/2019 |
| Disbursement Date | 07/29/2019 |
| Settlement Agent | SMITH, THOMPSON, |
| File # | 20183894 |
| Property | 441 HIGH POINT LANE |
| | Tallahassee, FL 32301 |
| Sale Price | $101,000 |

## Transaction Information

| | |
|---|---|
| Borrower | LUCIANA XIMENA HORNUNG, CAMILA |
| Seller | MARY W. COLON AS TRUSTEE UNDER |
| Lender | LOANDEPOT.COM, LLC |

## Loan Information

| | |
|---|---|
| Loan Term | 30 Years |
| Purpose | Purchase |
| Product | |
| Loan Type | ☐ Conventional ☐ FHA ☐ VA ☑ |
| Loan ID # | 400310766 |
| MIC # | |

**DRAFT**

## Loan Terms

| | | Can this amount increase after closing? |
|---|---|---|
| **Loan Amount** | $80,000 | NO |
| **Interest Rate** | 0% | NO |
| **Monthly Principal & Interest** *See Projected Payments below for your Estimated Total Monthly Payment* | $0.00 | NO |
| | | **Does the loan have these features?** |
| **Prepayment Penalty** | | NO |
| **Balloon Payment** | | NO |

## Projected Payments

| Payment Calculation | Years 1 - 0 |
|---|---|
| Principal & Interest | — |
| Mortgage Insurance | + — |
| Estimated Escrow *Amount can increase over time* | + — |
| **Estimated Total Monthly Payment** | $0.00 min $0.00 max |

| Estimated Taxes, Insurance & Assessments *Amount can increase over time* *See page 4 for details* | a month | **This estimate includes** ☐ Property Taxes ☐ Homeowner's Insurance ☐ Other: *See Escrow Account on page 4 for details. You must pay for other property costs separately.* | **In escrow?** NO NO NO |
|---|---|---|---|

## Costs at Closing

| | | |
|---|---|---|
| **Closing Costs** | $2,276.00 | Includes $1,220.50 in Loan Costs + $1,055.50 in Other Costs - $0.00 in Lender Credits. *See page 2 for details.* |
| **Cash to Close** | $21,427.55 | Includes Closing Costs. *See Calculating Cash to Close on page 3 for details.* |

EXHIBIT

"A"

CLOSING DISCLOSURE

## Closing Cost Details

| Loan Costs | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|
| | At Closing | Before Closing | At Closing | Before Closing | |
| **A. Origination Charges** | **$0.00** | | | | |
| 01  % of Loan Amount (Points) | | | | | |
| 02 | | | | | |
| 03 | | | | | |
| **B. Services Borrower Did Not Shop For** | **$0.00** | | | | |
| 01 | | | | | |
| 02 | | | | | |
| 03 | | | | | |
| 04 | | | | | |
| 05 | | | | | |
| 06 | | | | | |
| 07 | | | | | |
| 08 | | | | | |
| 09 | | | | | |
| 10 | | | | | |
| **C. Services Borrower Did Shop For** | **$1,220.50** | | | | |
| 01  SETTLEMENT FEE to SMITH THOMPSON SHAW | $650.00 | | | | |
| 02  Title - ALTA 5.1 to SMITH THOMPSON SHAW | $25.00 | | | | |
| 03  Title - ALTA 8.1 to SMITH THOMPSON SHAW | $25.00 | | | | |
| 04  Title - FL 9 (Simultaneous) to SMITH THOMPSON SHAW | $60.50 | | | | |
| 05  Title - Lender's Policy to SMITH THOMPSON SHAW | $460.00 | | | | |
| 06 | | | | | |
| 07 | | | | | |
| 08 | | | | | |
| **D. TOTAL LOAN COSTS (Borrower - Paid)** | **$1,220.50** | | | | |
| Loan Costs Subtotals (A + B + C) | $1,220.50 | $0.00 | | | |

| Other Costs | | | | | |
|---|---|---|---|---|---|
| **E. Taxes and Other Government Fees** | **$910.50** | | | | |
| 01  Recording Fees Deed: $256.50 Mortgage: $214.00 | $470.50 | | | | |
| 02  Documentary Stamps Deed to CLERK OF CIRCUIT COURT | | | $707.00 | | |
| 03  Documentary Stamps Mtg to CLERK OF CIRCUIT COURT | $280.00 | | | | |
| 04  Intangible Tax to CLERK OF CIRCUIT COURT | $160.00 | | | | |
| 05  RECORD MOTION TO SELL ORDER to CLERK OF CIRCUIT COURT | | | $100.00 | | |
| **F. Prepaids** | **$0.00** | | | | |
| 01  Homeowner's Insurance Premium mo. to | | | | | |
| 02  Mortgage Insurance Premium mo. to | | | | | |
| 03  Prepaid Interest $0.00 per day from to | $0.00 | | | | |
| 04  Property Taxes mo. to | | | | | |
| 05 | | | | | |
| **G. Initial Escrow Payment at Closing** | **$0.00** | | | | |
| 01  Homeowner's Insurance per month for mo. | | | | | |
| 02  Mortgage Insurance per month for mo. | | | | | |
| 03  Property Taxes per month for mo. | | | | | |
| 04  Aggregate Adjustment | | | | | |
| 05 | | | | | |
| 06 | | | | | |
| 07 | | | | | |
| 08 | | | | | |
| **H. Other** | **$145.00** | | | | |
| 01  BANKRUPTCY ESTATE FEE to MARYBETH W. COLON, AS TRUSTEE | | | $7,500.00 | | |
| 02  estoppel requests and dues to association | | | $200.00 | | |
| 03  REAL ESTATE COMMISSION to BK GLOBAL | | | $2,020.00 | | |
| 04  Real Estate Commission Buyers Broker to KELLER WILLIAMS | | | $2,020.00 | | |
| 05  Real Estate Commission Sellers Broker to KELLER WILLIAMS | | | $2,020.00 | | |
| 06  Title - Owner's Policy to SMITH THOMPSON SHAW | $145.00 | | | | |
| 07 | | | | | |
| 08 | | | | | |
| 09 | | | | | |
| 10 | | | | | |
| **I. TOTAL OTHER COSTS (Borrower-Paid)** | **$1,055.50** | | | | |
| Other Costs Subtotals (E + F + G + H) | $1,055.50 | $0.00 | | | |
| | | | | | |
| **J. TOTAL CLOSING COSTS (Borrower-Paid)** | **$2,276.00** | | | | |
| Closing Costs Subtotals (D + I) | $2,276.00 | $0.00 | $14,567.00 | $0.00 | $0.00 |
| Lender Credits    $0.00 | $0.00 | | | | |

## Calculating Cash to Close

Use this table to see what has changed from your Loan Estimate.

| | Loan Estimate | Final | Did this change? |
|---|---|---|---|
| Total Closing Costs (J) | $0 | $0 | NO |
| Closing Costs Paid Before Closing | $0 | $0 | NO |
| Closing Costs Financed (Paid from your Loan Amount) | $0 | $0 | NO |
| Down Payment/Funds from Borrower | $0 | $0 | NO |
| Deposit | $0 | $0 | NO |
| Funds for Borrower | $0 | $0 | NO |
| Seller Credits | $0 | $0 | NO |
| Adjustments and Other Credits | $0 | $0 | NO |
| **Cash to Close** | $0 | $0 | |

## Summaries of Transactions

Use this table to see a summary of your transaction.

### BORROWER'S TRANSACTION

| K. Due from Borrower at Closing | **$103,293.50** |
|---|---|
| 01  Sale Price of Property | $101,000.00 |
| 02  Sale Price of Any Personal Property Included in Sale | |
| 03  Closing Costs Paid at Closing (J) | $2,276.00 |
| 04 | |
| **Adjustments** | |
| 05 | |
| 06 | |
| 07 | |
| **Adjustments for Items Paid by Seller in Advance** | |
| 08  City/Town Taxes              to | |
| 09  County Taxes                 to | |
| 10  Assessments    07/29/2019  to  12/31/2019 | $17.50 |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |

| L. Paid Already by or on Behalf of Borrower at Closing | **$81,865.95** |
|---|---|
| 01  Deposit | $950.00 |
| 02  Loan Amount | $80,000.00 |
| 03  Existing Loan(s) Assumed or Taken Subject to | |
| 04 | |
| 05  Seller Credit | |
| **Other Credits** | |
| 06 | |
| 07 | |
| **Adjustments** | |
| 08 | |
| 09 | |
| 10 | |
| 11 | |
| **Adjustments for Items Unpaid by Seller** | |
| 12  City/Town Taxes              to | |
| 13  County Taxes   01/01/2019  to  07/29/2019 | $915.95 |
| 14  Assessments                  to | |
| 15 | |
| 16 | |
| 17 | |

| CALCULATION | |
|---|---|
| Total Due from Borrower at Closing (K) | $103,293.50 |
| Total Paid Already by or on Behalf of Borrower at Closing (L) | -$81,865.95 |
| **Cash to Close ☑From ☐To Borrower** | **$21,427.55** |

### SELLER'S TRANSACTION

| M. Due to Seller at Closing | **$101,017.50** |
|---|---|
| 01  Sale Price of Property | $101,000.00 |
| 02  Sale Price of Any Personal Property Included in Sale | |
| 03 | |
| 04 | |
| 05 | |
| 06 | |
| 07 | |
| 08 | |
| **Adjustments for Items Paid by Seller in Advance** | |
| 09  City/Town Taxes              to | |
| 10  County Taxes                 to | |
| 11  Assessments    07/29/2019  to  12/31/2019 | $17.50 |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |

| N. Due from Seller at Closing | **$101,017.50** |
|---|---|
| 01  Excess Deposit | |
| 02  Closing Costs Paid at Closing (J) | $14,567.00 |
| 03  Existing Loan(s) Assumed or Taken Subject to | |
| 04  Payoff of First Mortgage Loan | $82,534.55 |
| 05  Payoff of Second Mortgage Loan | $3,000.00 |
| 06 | |
| 07 | |
| 08  Seller Credit | |
| 09 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| **Adjustments for Items Unpaid by Seller** | |
| 14  City/Town Taxes              to | |
| 15  County Taxes   01/01/2019  to  07/29/2019 | $915.95 |
| 16  Assessments                  to | |
| 17 | |
| 18 | |
| 19 | |

| CALCULATION | |
|---|---|
| Total Due to Seller at Closing (M) | $101,017.50 |
| Total Due from Seller at Closing (N) | -$101,017.50 |
| **Cash to Close ☐From ☐To Seller** | **$0.00** |

# Additional Information About This Loan

## Loan Disclosures

**Assumption**
If you sell or transfer this property to another person, your lender
☐ will allow, under certain conditions, this person to assume this loan on the original terms.
☑ will not allow assumption of this loan on the original terms.

**Demand Feature**
Your loan
☐ has a demand feature, which permits your lender to require early repayment of the loan. You should review your note for details.
☑ does not have a demand feature.

**Late Payment**
If your payment is more than     days late, your lender will charge a late fee of _____

**Negative Amortization** (Increase in Loan Amount)
Under your loan terms, you
☐ are scheduled to make monthly payments that do not pay all of the interest due that month. As a result, your loan amount will increase (negatively amortize), and your loan amount will likely become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☐ may have monthly payments that do not pay all of the interest due that month. If you do, your loan amount will increase ( negatively amortize), and, as a result, your loan amount may become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☑ do not have a negative amortization feature.

**Partial Payments**
Your lender
☐ may accept payments that are less than the full amount due (partial payments) and apply them to your loan.
☐ may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.
☑ does not accept any partial payments.
If this loan is sold, your new lender may have a different policy.

**Security Interest**
You are granting a security interest in  441 HIGH POINT LANE,

Tallahassee, FL 32301

You may lose this property if you do not make your payments or satisfy other obligations for this loan.

**Escrow Account**
*For now,* your loan
☐ will have an escrow account (also called an "impound" or "trust" account) to pay the property costs listed below. Without an escrow account, you would pay them directly, possibly in one or two large payments a year. Your lender may be liable for penalties and interest for failing to make a payment.

| Escrow | | |
|---|---|---|
| Escrowed Property Costs over Year 1 | | Estimated total amount over year 1 for your escrowed property costs: |
| Non-Escrowed Property Costs over Year 1 | | Estimated total amount over year 1 for your non-escrowed property costs:<br><br>You may have other property costs. |
| Initial Escrow Payment | | A cushion for the escrow account you pay at closing. See Section G on page 2. |
| Monthly Escrow Payment | | The amount included in your total monthly payment. |

☑ will not have an escrow account because ☑ you declined it ☐ your lender does not offer one. You must directly pay your property costs, such as taxes and homeowner's insurance. Contact your lender to ask if your loan can have an escrow account.

| No Escrow | | |
|---|---|---|
| Estimated Property Costs over Year 1 | $0.00 | Estimated total amount over year 1. You must pay these costs directly, possibly in one or two large payments a year. |
| Escrow Waiver Fee | $0.00 | |

***In the future,***
Your property costs may change and, as a result, your escrow payment may change. You may be able to cancel your escrow account, but if you do, you must pay your property costs directly. If you fail to pay your property taxes, your state or local government may (1) impose fines and penalties or (2) place a tax lien on this property. If you fail to pay any of your property costs, your lender may (1) add the amounts to your loan balance, (2) add an escrow account to your loan, or (3) require you to pay for property insurance that the lender buys on your behalf, which likely would cost more and provide fewer benefits than what you could buy on your own.

## Loan Calculations

**Total of Payments.** Total you will have paid after you make all payments of principal, interest, mortgage insurance, and loan costs, as scheduled.

**Finance Charge.** The dollar amount the loan will cost you.

**Amount Financed.** The loan amount available after paying your upfront finance charge.

**Annual Percentage Rate (APR).** Your costs over the loan term expressed as a rate. This is not your interest rate.

**Total Interest Percentage (TIP).** The total amount of interest that you will pay over the loan term as a percentage of your loan amount.

 **Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Other Disclosures

**Appraisal**
If the property was appraised for your loan, your lender is required to give you a copy at no additional cost at least 3 days before closing. If you have not yet received it, please contact your lender at the information listed below.

**Contract Details**
See your note and security instrument for information about
· what happens if you fail to make your payments,
· what is a default on the loan,
· situations in which your lender can require early repayment of the loan, and
· the rules for making payments before they are due.

**Liability after Foreclosure**
If your lender forecloses on this property and the foreclosure does not cover the amount of unpaid balance on this loan,
☐ state law may protect you from liability for the unpaid balance. If you refinance or take on any additional debt on this property, you may lose this protection and have to pay any debt remaining even after foreclosure. You may want to consult a lawyer for more information.
☐ state law does not protect you from liability for the unpaid balance.

**Refinance**
Refinancing this loan will depend on your future financial situation, the property value, and market conditions. You may not be able to refinance this loan.

**Tax Deductions**
If you borrow more than this property is worth, the interest on the loan amount above this property's fair market value is not deductible from your federal income taxes. You should consult a tax advisor for more information.

## Contact Information

| | Lender | Mortgage Broker | Real Estate Broker (B) | Real Estate Broker (S) | Settlement Agent |
|---|---|---|---|---|---|
| **Name** | LOANDEPOT.COM, LLC | | KELLER WILLIAMS | KELLER WILLIAMS | SMITH, THOMPSON, |
| **Address** | 26642 TOWNE CENTRE | | 1520 Killearn Center | 1520 Killearn Center | 3520 Thomasville |
| | FOOTHILL RANCH, CA | | Tallahassee, FL 32309 | Tallahassee, FL 32309 | Tallahassee, FL 32309 |
| **NMLS ID** | | | CQ1010950 | CQ1010950 | |
| **License ID** | | | | | 321311 |
| **Contact** | | | SEAN RADY | Sarah G Henning | LISA A WARMACK |
| **Contact NMLS ID** | | | CQ1010950 | SL3096485 | N/A |
| **Contact License ID** | | | 3352292 | CQ1010950 | 321311 |
| **Email** | | | sean@ringtherivers.co | sarah@bestmovehom | LISAW@STSLAW.COM |
| **Phone** | | | (850) 559-5027 | (850) 524-0305 | (850) 241-0135 |

## Confirm Receipt

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

_____     _____     _____     _____
Applicant Signature                                 Date                    Co-Applicant Signature                          Date

CLOSING DISCLOSURE

# Addendum

## Closing Information:
**Date Issued:**

**File No:** 20183894

**Closing Date:** 07/29/2019

**Property Information:** 441 HIGH POINT LANE
Tallahassee, FL 32301

## Transaction Information:

| | | | |
|---|---|---|---|
| **Borrower:** | LUCIANA XIMENA HORNUNG | **Borrower:** | CAMILA YRINA HORNUNG |
| Address: | | Address: | |
| City/ST/Zip: | | City/ST/Zip: | |
| **Borrower:** | MARIA JESUS MENDIOLA CHAVEZ DE HORNUNG | **Borrower:** | FRANKLIN DOUGLAS HORNUNG FERRUZO |
| Address: | | Address: | |
| City/ST/Zip: | | City/ST/Zip: | |

**Seller:**

MARY W. COLON AS TRUSTEE UNDER BANKRUPTCY CASE BRIAN WALTER RANALLO
DEBTOR IN BANKRUPTCY UNDER CASE NO. 18-40390-KKS PENDING IN THE U.S.
BANKRUPTCY COURT NORTHERN DISTRICT OF FLORIDA

Address:

City/ST/Zip:

| Other Costs | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|
| | At Closing | Before Closing | At Closing | Before Closing | |
| **H. Other** | | | | | |
| 01 BANKRUPTCY ESTATE FEE to MARYBETH W. COLON, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF BRIAN WALTER RANALLO | | | $7,500.00 | | |
| 04 Real Estate Commission Buyers Broker to KELLER WILLIAMS REALTY | | | $2,020.00 | | |
| 05 Real Estate Commission Sellers Broker to KELLER WILLIAMS REALTY | | | $2,020.00 | | |

## Contact Information

Contacts that could not be shown in full here.

| | Lender | Real Estate Broker (B) | Real Estate Broker (S) | Settlement Agent |
|---|---|---|---|---|
| Name | LOANDEPOT.COM, LLC | KELLER WILLIAMS REALTY | KELLER WILLIAMS REALTY | SMITH, THOMPSON, SHAW, MINACCI, COLON & POWER, PA |
| Address | 26642 TOWNE CENTRE DRIVE, FOOTHILL RANCH, CA 92610 | 1520 Killearn Center Blvd, Tallahassee, FL 32309 | 1520 Killearn Center Blvd, Tallahassee, FL 32309 | 3520 Thomasville Road, 4th Floor, Tallahassee, FL 32309 |
| NMLS ID | | CQ1010950 | CQ1010950 | |
| FL License ID | | | | 321311 |
| Contact | | SEAN RADY | Sarah G Henning | LISA A WARMACK |
| Contact NMLS ID | | CQ1010950 | SL3096485 | N/A |
| Contact FL License ID | | 3352292 | CQ1010950 | 321311 |
| Email | | sean@ringtherivers.com | sarah@bestmovehomesales.com | LISAW@STSLAW.COM |
| Phone | | (850) 559-5027 | (850) 524-0305 | (850) 241-0135 |

## Additional Text

Text that could not fit on pages 1-5 are shown in full here.

| Area | Full Text |
|---|---|
| Closing Information, Settlement Agent | SMITH, THOMPSON, SHAW, MINACCI, COLON & POWER, PA |

## Confirm Receipt

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

_____  _____     _____  _____
Co-Applicant Signature            Date             Co-Applicant Signature            Date



**mr.**
**cooper®**
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

**OUR INFO**
**ONLINE**
www.mrcooper.com

June 19, 2019

MARY W COLON
PO BOX 14596
TALLAHASSEE, FL 32309

**YOUR INFO**
LOAN NUMBER: 637756206
**PROPERTY ADDRESS:**
441 HIGH POINT LN
TALLAHASSEE, FL 32301

Dear MARY W COLON:

Mr. Cooper conditionally approves the sale of the above referenced property that will result in a short payoff of the mortgage.

Mr. Cooper's approval is conditioned upon the following:
1) The closing must occur on or before 7/29/2019 by noon (CT)
2) Prior to releasing any funds to a subordinate mortgage/lien holder(s), the servicer through its agent must obtain written commitment from the subordinate lien holder that it will release the borrower from all claims and liability relating to the subordinate lien in exchange for receiving the agreed upon payoff amount. A copy of the written commitment provided by the subordinate lien holder must be sent to the servicer with the final Settlement Statement which is provided in advance of the closing for approval
3) The approved buyer(s) is/are LUCIANA XIMENA HORNUNG , CAMILA YRINA HORNUNG, MARIA JESUS MENDIOLA CHAVEZ DE HORNUNG , FRANKLIN DOUGLAS HORNUNG FERRUZO.
4) The approved Gross Sales price is $ 101,000.00.
5) Allowable closing costs are limited to the following:
   a. Commissions                                                          $ 6,060.00
   b. Total Other Closing Costs                                            $ 10,792.80
   c. Negotiated Subordinate 2nd Lien Release (if applicable)         $ 3,000.00
   d. Negotiated Subordinate 3rd Lien Release (if applicable)         $ 0.00
   e. Seller's Concessions (if applicable)                                 $ 0.00
   f. Relocation Assistance (if applicable)                                $ 0.00
   g. Extension Fee (if applicable)                                        $ 0.00

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this correspondence shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.


EQUAL HOUSING
OPPORTUNITY


**EXHIBIT**
"B"



CHANGING THE FACE OF HOME LOANS

*These are the estimated allowable closing costs.  In some circumstances, final closing costs may be approved which exceed these estimates. See Important Notice below.

6) Seller(s) acknowledge and agree as follows:
   a. The seller(s) must not receive any proceeds from the short sale transaction, unless otherwise approved by Mr. Cooper, as advised in section 5 of allowable closing costs.
   b. All insurance proceeds, miscellaneous proceeds, and proceeds held in suspense/impound will be applied to the loan deficiency, unless otherwise agreed to in writing by Mr. Cooper and Seller(s).

7) The total Seller's Cash Contribution required at closing is $    0.00.

8) In addition to the Cash Contribution at closing (as stated in section 7), the seller is also required to execute a promissory note in the amount of $    0.00. A promissory note will not need to be executed at the time of closing if the amount required is $0.00.

9) Net proceeds must meet or exceed $ 81,147.16 including any Seller's Cash Contribution at the time of closing.

10) The short sale transaction must be an "Arms Length" transaction, and the attached Arms Length Affidavit (if provided) must be signed at closing and returned.

11) All Final Settlement Statements must be submitted via Equator.com for approval at least 3 days prior to closing.

12) If the approved terms above change in any way, are delayed, or cancelled please notify Mr. Cooper through Equator messaging immediately. Any changes needed within 10 business days of the closing date may not be eligible for approval or may delay the final closing date.
   a. Mr. Cooper reserves the right to charge a per diem for any delays.

13) If this property is involved in an active bankruptcy proceeding, Seller(s) must obtain approval of the sale of the property from the bankruptcy Trustee and/or the bankruptcy Court, depending upon jurisdictional requirements. The approval by the bankruptcy Trustee and/or the bankruptcy Court must be in written form and be obtained prior to the scheduled closing. If the sale is not approved and written proof thereof is not provided prior to the scheduled closing, Mr. Cooper will not accept the sale funds and the terms of this conditionally approved property sale shall be null and void.

14) All short sales of loans that have mortgage insurance coverage are subject to mortgage insurer approval.

15) All funds from the sale must be wired to:
   Wells Fargo Bank, 420 Montgomery Street, San Francisco, CA 94104
   Routing #121000248 Account #4059000063775206
   Funds received after 3:00pm Central Time may be posted on the following business day. Please include the Mortgagor's Loan Number on all correspondence. Loan number and Borrower name must be attached to the wire. If the funds received are less than the net proceeds approved in this letter, the funds will be returned.

16) **The ARMS Length Affidavit (if required), wire confirmation, final Settlement Statement, and this seller signed approval letter must be uploaded through Equator.com prior to final Settlement Statement approval being issued.** Any delays in receiving these documents may result in the return of the wire and cancellation of this approval.

17) In the event of any action arising out of or relating to this Agreement or in connection with any foreclosure action  dismissed as a result of entering into this Agreement,  if permitted by applicable law, each party shall bear its own costs and expenses, including reasonable attorneys fees, incurred in connection with such action(s).

Upon meeting all the conditions specified in this letter, Mr. Cooper agrees to (1) file a withdrawal of the Notice of Sale, if any has been recorded, 2) provide any documents necessary for release of mortgage


CHANGING THE FACE OF HOME LOANS

after we receive the required funds, and 3) waive the right to collect that amount that constitutes full payment of the secured debt, excluding any contribution required by the Borrower and 4) make reasonable efforts to have any pending foreclosure action dismissed against the borrower(s)/mortgagor(s). If collection of the debt is conditioned or prohibited by a proceeding in bankruptcy Court, Mr. Cooper will waive the deficiency pursuant to the Order(s) from that proceeding. The amount of debt outstanding as of the date of this letter is $ 90,577.56.

If you have any questions, your Dedicated Loan Specialist is Priscilla Lyons and can be reached at 866-316-2432 or via mail at PO Box 619097, Dallas, TX 75261. Our hours of operation are Monday through Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

Sincerely,

SHORT SALE UNDERWRITER/MANAGER
Centralized Collateral
Ph: 866-312-2432

***IMPORTANT NOTICE***

We reserve the right to adjust any portion of this statement at any time for one or more of the following reasons, but not limited to: recent advances, returned items, additional fees or charges, disbursements made on your behalf, scheduled payment(s) from an escrow account, transfer of servicing and/or inadvertent clerical errors. This payoff estimate does not waive our rights to collect any funds which become due on this account as a result of any subsequent adjustments. Additionally, Mr. Cooper will not provide reconveyance or release of the Security Instrument until the net proceeds and all other items required above have been received.

---

By signing below, I certify that I have read, agree to, and accept the terms and conditions set forth in this letter.

| | | | |
|---|---|---|---|
| [Borrower 1 Printed Name] | Date | [Borrower 2 Printed Name] | Date |
| [Borrower 1 Signature] | Date | [Borrower 2 Signature] | Date |



**CHANGING THE FACE OF HOME LOANS**

This Page Intentionally Left Blank.

Regions Bank
Loss Mitigation Department
P.O. Box 10063
Birmingham, AL 35202

 REGIONS

6/20/2019

**Brian Ranallo c/o**
**Laura Barton, BK Global**
**1095 Broken Sound Pkwy, Suite 100**
**Boca Raton, FL 33487**

RE:    Terms of approval of short-sale ("Short-sale Transaction") of real property located at **441 High Point Lane, Tallahassee, FL 32301** (the "Real Property") securing indebtedness evidenced by mortgage loan account number ending in **0528**.

Dear **Brian Ranallo**:

Subject to the terms and conditions outlined in this letter, Regions Bank agrees to accept a "short payoff" of the Loan and to release its mortgage lien on the Real Property to the extent that said lien secures the indebtedness evidenced by the Loan. Please be advised that this letter should be used by the closing agent as our formal demand statement. No additional statements will be issued.

**Requirements Pertaining to Release of Mortgage Lien:**

*SUBJECT TO APPROVAL OF THE Chapter 7 BANKRUPTCY COURT.*
- Approved sales price of the Real Property is to be no less than **$101,000.00**, of which amount Regions is to receive net proceeds of no less than **$3,000.00** (the "Short Payoff").
- Closing of the sale of the Real Property is to take place on or **before 7/29/2019** (the "Closing Date"), and the Short Payoff must be received by Regions Bank no later than close of business on the 3rd day after the date of sale.
- The Short Payoff must be wired to Regions Bank pursuant to the following instructions:
- **Regions Bank, Birmingham, Alabama; Routing # 062000019; Wire Acct # 1100245414310; Reference: Brian Ranallo account 5002850528; ATTN: Mary Roberts Loss Mitigation/ALBH40402B.**
- The Borrower/Seller shall not receive any disbursement of sales proceeds.

**Notice Regarding the Treatment of the Deficiency Balance:**

The deficiency balance is the amount of indebtedness remaining after application to the outstanding balance of the Loan of that portion of sale proceeds payable to Regions Bank indicated above (the "Deficiency Balance"). Regions Bank will not hold you liable for the Deficiency Balance in connection with the Loan. If you have another lender with a mortgage lien on the Real Property in connection with another loan – including another loan from Regions Bank secured by the Real Property – you may be held liable by that lender for any deficiency balance that may remain following the Short-sale Transaction.

**Additional Terms and Conditions of the Short-sale Transaction:**

- Borrower/Seller must convey title to the Real Property directly to the purchaser(s) named in the Closing Disclosure (the "Purchaser").
- A copy of the fully-executed Closing Disclosure must be provided to Regions Bank on/immediately after the Closing Date.

1



EXHIBIT

"C"

- The Purchaser and Borrower/Seller must not be related to each other in any way (i.e., by blood, marriage, or unrelated business dealings).
- Any relationship (blood, marriage, or unrelated business dealings) between a participating broker and the Borrower/Seller and/or the Purchaser must be disclosed to Regions Bank prior to Closing Date. Absent approval by Regions Bank of any such relationship, this Short-sale Transaction will terminate without further notice.
- Regions Bank may, in its sole discretion, report to the various credit reporting agencies information related to the Loan in connection with the Short-sale Transaction.
- Regions Bank may be required by law to report to the IRS information related to the Loan in connection with the Short-sale Transaction. Regions Bank makes no representations about any tax consequences to Borrower/Seller.
- Regions Bank reserves the right to withdraw from this Short-sale Transaction if, prior to Closing Date, Borrower/Seller becomes a debtor in a bankruptcy proceeding filed under Title 11 of the United States Code.
- Any change in the terms or conditions of the sale of the Real Property must be approved by Regions Bank prior to Closing Date. Regions Bank reserves the right to revoke and/or modify the terms and conditions of this Short-sale Transaction in the event that (1) there is a change in any information provided to Regions Bank and used as the basis for our approval and/or (2) Regions Bank discovers any evidence of fraud/misrepresentation by any parties involved in this Short-sale Transaction.

If you have any questions or concerns, please do not hesitate to call us, toll-free, at 1-866-298-1113, Monday through Friday from 8:00 a.m. until 4:30 p.m. Central Time. You may also reach us in writing at Regions Bank, Loss Mitigation Department, P.O. Box 10063, Birmingham, AL 35202.

Sincerely,

*Mary Roberts*

Short Sale Specialist
Loss Mitigation/Consumer Collections


Please sign below and return the original to Regions Bank to indicate your acceptance and agreement.

Borrower: _____     Dated: _____
Or Trustee


**Bankruptcy Notice.** If this loan is included in an active bankruptcy case and was not reaffirmed by order of the Bankruptcy Court, or if you received a bankruptcy discharge associated with your loan, this letter is being provided for informational purposes only and is not an attempt to collect, recover, offset or impose personal liability against you for any discharged debt previously incurred by you. However, we reserve all rights and remedies under the security instrument, including the right to foreclose our lien.

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE: RANALLO, BRIAN
        RANALLO, MARY

CASE NO: 18-40390-KKS

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**
Chapter: 7

On 6/27/2019, I did cause a copy of the following documents, described below,

CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (b),(f) and (m), (II) SURCHARGE
AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with
sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and
incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com,
an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.
Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth
herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served
electronically with the documents described herein per the ECF/PACER system.

DATED: 6/27/2019

/s/ Mary W. Colon, Chapter 7 Trustee
Mary W. Colon, Chapter 7 Trustee
Mary W. Colon, Trustee
P O Box 14596
Tallahassee, FL  32317
850 241 0144

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:  RANALLO, BRIAN
         RANALLO, MARY

CASE NO: 18-40390-KKS

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 6/27/2019, a copy of the following documents, described below,

CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 (b),(f) and (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/27/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mary W. Colon, Chapter 7 Trustee
Mary W. Colon, Trustee
P O Box 14596
Tallahassee, FL  32317

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
11294
CASE 18-40390-KKS
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE
THU JUN 27 11-56-58 EDT 2019

BK GLOBAL REAL ESTATE SERVICES
1095 BROKEN SOUND PARKWAY SUITE 200
BOCA RATON FL 33487-3503

FLORIDA STATE UNIVERSITY CREDIT UNION
CO J BLAIR BOYD
POST OFFICE BOX 3637
TALLAHASSEE FL 32315-3637

KELLER WILLIAMS TOWN AND COUNTRY
REALTY INC
ATTN SARAH GRANGER HENNING AGENT
1520 KILLEARN CENTER BOULEVARD
SUITE 100
TALLAHASSEE FL 32309-3700

NATIONSTAR MORTGAGE LLC DBA MR COOPER
ROBERTSON ANSCHUTZ AND SCHNEID PL
6409 CONGRESS AVENUE SUITE 100
BOCA RATON FL 33487-2853

NATIONSTAR MORTGAGE LLC DBA MR COOPER
CO ROBERTSON ANSCHUTZ AND SCHNEID
6409 CONGRESS AVENUE
SUITE 100
BOCA RATON FL 33487-2853

PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

SMITH THOMPSON SHAW MINACCI AND COLON
PA
3520 THOMASVILLE ROAD
FOURTH FLOOR
TALLAHASSEE FL 32309-3478

AMERICAN EXPRESS
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 981535
EL PASO TX 79998-1535

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

ATTORNEY GENERAL OF THE UNITED STATES
950 PENNSYLVANIA AVE NW
WASHINGTON DC 20530-0009

CAPITAL CITY BANK
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 900
TALLAHASSEE FL 32302-0900

CAPITAL ONE
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 30285
SALT LAKE CITY UT 84130-0285

CAPITAL ONE BANK USA NA
PO BOX 71083
CHARLOTTE NC 28272-1083

CHASEJP MORGAN CHASE
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 15298
WILMINGTON DE 19850-5298

CITIBANK NA
ATTN BANKRUPTCY LITIGATION OFFICER
701 E 60TH STREET NORTH
MAIL CODE 1251
SIOUX FALLS SD 57104-0432

CITIBANK NA
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 6062
SIOUX FALLS SD 57117-6062

CITIBANK NA
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 6500
SIOUX FALLS SD 57117-6500

CITIBANK NA
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 790046
SAINT LOUIS MO 63179-0046

DORIS MALOY LEON COUNTY TAX COLLECTOR
ATTN TAX ADMINISTRATION DEPARTMENT
POST OFFICE BOX 1835
TALLAHASSEE FL 32302-1835

FSU CREDIT UNION
ATTN BANKRUPTCY LITIGATION OFFICER
2806 SHARER RD
TALLAHASSEE FL 32312-2100

FIRST COMMERCE CREDIT UNION
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 6416
TALLAHASSEE FL 32314-6416

FREEDOM MORTGAGE
ATTN BANKRUPTCY DEPARTMENT
PO BOX 619063
DALLAS TX 75261-9063

GREAT LAKES
ATTN BANKRUPTCY LITIGATION OFFICER
PO BOX 7860
MADISON WI 53707-7860

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

MR COOPER
ATTN BANKRUPTCY DEPARTMENT
8950 CYPRESS WATERS BLVD
COPPELL TX 75019-4620

PYOD LLC
RESURGENT CAPITAL SERVICES
PO BOX 19008
GREENVILLE SC 29602-9008

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

REGIONS BANK
ATTN BANKRUPTCY LITIGATION OFFICER
PO BANK 1984
BIRMINGHAM AL 35201-1984

SYNCHRONY BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 965061
ORLANDO FL 32896-5061

SYNCHRONY BANK
CO PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

US BANK NA DBA ELAN FINANCIAL SERVICES
BANKRUPTCY DEPARTMENT
PO BOX 108
ST LOUIS MO 63166-0108

UNITED STATES DEPARTMENT OF EDUCATION
CLAIMS FILING UNIT
PO BOX 8973
MADISON WI 53708-8973

UNITED STATES ATTORNEY
21 EAST GARDEN STREET
PENSACOLA FL 32502-5676

UNITED STATES TRUSTEE
110 E PARK AVENUE
SUITE 128
TALLAHASSEE FL 32301-7728

WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE
ATTN- BANKRUPTCY LITIGATION OFFICER
PO BOX 10335
DES MOINES IA 50306-0335

WELLS FARGO BANK NA WELLS FARGO CARD
SER
PO BOX 10438 MAC F823502F
DES MOINES IA 50306-0438

ALLEN TURNAGE
ALLEN TURNAGE PA
PO BOX 15219
2344 CENTERVILLE ROAD SUITE 101
TALLAHASSEE FL 32308-4389

DEBTOR
BRIAN WALTER RANALLO
3513 KILKENNY DRIVE EAST
TALLAHASSEE FL 32309-3110

MARY CYNTHIA RANALLO
3513 KILKENNY DRIVE EAST
TALLAHASSEE FL 32309-3110

MARY W COLON
PO BOX 14596
TALLAHASSEE FL 32317-4596